[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16154
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 21, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 08-00900-CV-T-30EAJ,
05-00530-CR-T-3

HERBERT FERRELL, JR.,

                                                                Petitioner-Appellant,

                            versus

UNITED STATES OF AMERICA,

                                                                Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 21, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Herbert Ferrell, Jr., a federal prison inmate proceeding pro se, appeals the district court's dismissal of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability ("COA") as to the following two issues:

(1)     Whether, in light of Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims raised in Ferrell's motion to vacate his sentence pursuant to 28 U.S.C. § 2255; and

(2)     If so, whether the district court failed to address Ferrell's claim that counsel was ineffective with regard to the jury's inquiry regarding the number of plants involved, as well as the jury instructions regarding that evidence?

Ferrell argues that Clisby applies to § 2255 motions, and that the district court disregarded Clisby's holding by failing to address his claim that he received ineffective assistance of counsel regarding the court's response to the jury's inquiry about drug quantity. In Clisby, we held, in the context of a petition filed by a state prisoner under 28 U.S.C. § 2254, that the district court was obligated to resolve all constitutional claims in a habeas proceeding. 960 F.2d at 936. We specified that "a claim for relief . . . is any allegation of a constitutional violation." Id. We conclude that Clisby applies to § 2255 motions. Here, Ferrell's § 2255 motion, construed liberally, raised a claim that he received ineffective assistance of counsel in connection with the district court's response to the jury's inquiry

2

regarding drug quantity. Because the district court failed to address this claim on the merits in its order denying § 2255 relief, the court failed to obey Clisby's holding. Accordingly, we vacate the district court's judgment and remand the case with the instruction that the court address the following claim: Whether Ferrell received ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in connection with the district court's response to the jury's inquiry regarding drug quantity.

VACATED and REMANDED, with instructions.